**BRIDGET KENNEDY**
California State Bar No. 253416
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
225 Broadway, Suite 900
San Diego, California 92101-5030
Telephone: (619) 234-8467, ext. 3740
Fax: (619) 687-2666
Bridget_Kennedy@fd.org

Attorneys for Mr. Garcia

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

(**HONORABLE DANA M. SABRAW**)

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 08CR0726-DMS |
| Plaintiff, | |
| v. | STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT'S MOTIONS. |
| JESUS DAVID GARCIA, | |
| Defendant. | |

**I.**

**STATEMENT OF FACTS**[1]

On February 28, 2008, Mr. Garcia entered the United States at the Calexico, California West Port of Entry. He was driving a 1995 Mitsubishi passenger vehicle. Mr. Garcia gave a negative customs declaration to Customs and Border Protection Officer J. Rodriguez. Officer Rodriguez referred Mr. Garcia to secondary. At secondary a Narcotic Detector Dog alerted to the driver's side rear quarter panel of the vehicle. A total of 30 packages, weighing 42.22 kilograms, of marijuana were found in the vehicle.

//
//
//

---

[1] The statement of facts is based on the government's complaint and probable cause statement. Mr. Garcia does not admit their accuracy and reserves the right to challenge them at a later time.

## II.

## MOTION TO COMPEL DISCOVERY/PRESERVE EVIDENCE

At this time, Mr. Garcia has received forty pages of discovery. Mr. Garcia has not yet received all of the discovery. The missing discovery includes, but is not limited to, audio or video recording of his interrogation and any statements he made. Mr. Garcia requests the following discovery. His request is not limited to items the prosecutor is aware of. It includes all discovery listed below that is in the custody, control, care, or knowledge of any "closely related investigative [or other] agencies." See United States v. Bryan, 868 F.2d 1032 (9th Cir. 1989).

(1) Brady Material. The defendant requests all documents, statements, agents' reports, and tangible evidence favorable to the defendant on the issue of guilt and/or which affects the credibility of the government's case. Under Brady, impeachment as well as exculpatory evidence falls within the definition of evidence favorable to the accused. United States v. Bagley, 473 U.S. 667 (1985); United States v. Agurs, 427 U.S. 97 (1976).

(2) Any Proposed 404(b) Evidence. The government must produce evidence of prior similar acts under Fed. R. Crim. P. 16(a)(1) and Fed. R. Evid. 404(b) and any prior convictions which would be used to impeach as noted in Fed. R. Crim. P. 609. In addition, under Fed. R. Evid. 404(b), "upon request of the accused, the prosecution . . . shall provide reasonable notice in advance of trial . . . of the general nature" of any evidence the government proposes to introduce under Fed. R. Evid. 404(b) at trial. The defendant requests such notice two weeks before trial in order to give the defense time adequately to investigate and prepare for trial.

(3) Evidence Seized. The defendant requests production of evidence seized as a result of any search. Fed. R. Crim. P. 16(a)(1)(E). He wishes to inspect the evidence before trial. **Specifically, the defense requests the opportunity to inspect the vehicle seized in this case. In addition, the defense wishes to inspect the 42.22 kilograms of marijuana allegedly found in the seized vehicle.** See Section III, below. **A preservation order is attached below for this Court's signature.**

(4) Request for Preservation of Evidence. The defendant specifically requests the preservation of all physical evidence that may be destroyed, lost, or otherwise put out of the

1  possession, custody, or care of the government and which relate to the arrest or the events leading
2  to the arrest in this case. This request includes, but is not limited to, any samples of narcotics used
3  to run any scientific tests, any narcotics, the results of any fingerprint analysis, the vehicle which the
4  defendant drove, the defendant's personal effects, and any evidence seized from the defendant or any
5  third party.

6  In addition, Mr. Garcia specifically requests that the Assistant United States Attorney
7  assigned to this case oversee a review of all personnel files of each agent involved in the present case
8  for impeachment material. <u>Kyles v. Whitley</u>, 115 S. Ct. 1555 (1995); <u>United States v. Henthorn</u>, 931
9  F.2d 29 (9th Cir. 1991); <u>but see</u> <u>United States v. Herring</u>, 83 F.3d 1120 (9th Cir. 1996).

10  (5) <u>Tangible Objects</u>. The defendant seeks to inspect and copy as well as test, if
11  necessary, all other documents and tangible objects, including photographs, books, papers,
12  documents, alleged narcotics, fingerprint analyses, vehicles, or copies of portions thereof, which are
13  material to the defense or intended for use in the government's case-in-chief or were obtained from
14  or belong to the defendant. Fed. R. Crim. P. 16(a)(1)(E). **A preservation order is attached below**
15  **for this court to sign.**

16  (6) <u>Expert Witnesses</u>. The defendant requests the name, qualifications, and a written
17  summary of the testimony of any person that the government intends to call as an expert witness
18  during its case in chief. Fed. R. Crim. P. 16(a)(1)(G).

19  (7) <u>Evidence of Bias or Motive to Lie</u>. The defendant requests any evidence that any
20  prospective government witness is biased or prejudiced against the defendant, or has a motive to
21  falsify or distort his testimony.

22  (8) <u>Impeachment Evidence</u>. The defendant requests any evidence that any prospective
23  government witness has engaged in any criminal act, whether or not resulting in a conviction, and
24  whether any witness has made a statement favorable to the defendant. <u>See</u> Fed. R. Evid. 608, 609
25  and 613; <u>Brady v. Maryland</u>, 83 S. Ct. 1194 (1963).

26  (9) <u>Evidence of Criminal Investigation of Any Government Witness</u>. The defendant
27  requests any evidence that any prospective witness is under investigation by federal, state or local
28  authorities for any criminal conduct.

1       (10) <u>Evidence Affecting Perception, Recollection, Ability to Communicate, or Truth
2  Telling</u>.   The defense requests any evidence, including any medical or psychiatric report or
3  evaluation, that tends to show that any prospective witness' ability to perceive, remember,
4  communicate, or tell the truth is impaired, and any evidence that a witness has ever used narcotics
5  or other controlled substance, or has ever been an alcoholic.

6       (11) <u>Witness Addresses</u>.  The defendant requests the name and last known address of
7  each prospective government witness.  The defendant also requests the name and last known address
8  of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance
9  thereof) who will <u>not</u> be called as a government witness.

10      (12) <u>Name of Witnesses Favorable to the Defendant</u>.  The defendant requests the name
11 of any witness who made an arguably favorable statement concerning the defendant.

12      (13) <u>Statements Relevant to the Defense</u>.  The defendant requests disclosure of any
13 statement relevant to any possible defense or contention that he might assert.

14      (14) <u>Jencks Act Material</u>.  The defendant requests production in advance of trial of all
15 material, including dispatch tapes, which the government must produce pursuant to the Jencks Act,
16 18 U.S.C. § 3500.  Advance production will avoid the possibility of delay at the request of defendant
17 to investigate the Jencks material.

18      (15) <u>Giglio Information</u>.  Under <u>Giglio v. United States</u>, 92 S. Ct. 763 (1972), the
19 defendant requests all statements and/or promises, express or implied, made to any government
20 witnesses, in exchange for their testimony in this case, and all other information which could
21 arguably be used for the impeachment of any government witnesses.

22      (16) <u>Scientific and Other Information</u>.  To the extent not already provided, the
23 defendant requests the results of any scientific or other tests or examinations, including testing done
24 on the alleged marijuana.  <u>See</u> Rule 16(a)(1)(F).

25      (17) <u>Informants and Cooperating Witnesses</u>.  The defense requests disclosure of the
26 name(s), address(es), and location(s) of all informants or cooperating witnesses used or to be used
27 in this case, and in particular, disclosure of any informant who was a percipient witness in this case
28 or otherwise participated in the charged crime.  <u>Roviaro v. United States</u>, 353 U.S. 52, 61-62 (1957).

1  The government must disclose any information derived from informants which exculpates or tends
2  to exculpate the defendant. Brady v. Maryland, 373 U.S. 83 (1963). The government must disclose
3  any information indicating bias on the part of any informant or cooperating witness. Id.

4  (18) Personnel Records of Government Officers Involved in the Arrest. Mr. Garcia
5  specifically requests all citizen complaints and other related internal affairs documents involving any
6  of the Customs officers or other law enforcement officers who were involved in the investigation,
7  arrest and interrogation of him, pursuant to Pitchess v. Superior Court, 11 Cal. 3d 531, 539 (1974).
8  Because of the sensitive nature of these documents, defense counsel will not be able to procure them
9  from any other source.

10  (19) Government Examination of Law Enforcement Personnel Files. The defendant
11  requests that the Government examine the personnel files and any other files within its custody, care
12  or control, or which could be obtained by the government, for all testifying witnesses, including
13  testifying officers. She requests that these files be reviewed by the Government attorney for
14  evidence of perjurious conduct or other like dishonesty, or any other material relevant to
15  impeachment, or any information that is exculpatory, pursuant to its duty under United States v.
16  Henthorn, 931 F.2d 29 (9th Cir. 1991). Only the prosecutor has the legal knowledge and ethical
17  obligations to fully comply with this request.

18  (20) Training of Border Patrol and DEA Agents. The defendant requests copies of any
19  and all written policies and/or training manuals issued by the Department of Homeland Security to
20  their employees regarding: (1) the handling of vehicles suspected to be transporting illegal
21  contraband near the border; (2) the detention of individuals within those vehicles suspected of
22  carrying contraband; and (3) the search of those vehicles and the occupants of those vehicles.

23  (21) Residual Request. Mr. Garcia intends by this discovery motion to invoke his
24  rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and
25  the Constitution and laws of the United States. Mr. Garcia requests that the government provide him
26  with the above requested material sufficiently in advance of trial to avoid unnecessary delay prior
27  to cross-examination.
28  //

## III.

## MOTION TO PRESERVE AND RE-WEIGH NARCOTIC EVIDENCE

Mr. Garcia requests an order for the U.S. Government and its agents to preserve the narcotic evidence in this case and permit the defense to re-weigh any narcotic evidence. For the Court's convenience, a proposed order is attached to these motions.

## IV.

## ANY STATEMENTS MADE BY MR. GARCIA SHOULD BE SUPPRESSED

**A.     The Government Must Demonstrate Compliance With *Miranda*.**

1. *Miranda* Warnings Must Precede Custodial Interrogation.

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from a custodial interrogation of the defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966); see also Berkemer v. McCarty, 468 U.S. 420, 428 (1984) (restating Miranda principles). Custodial interrogation is questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way. Id. See Orozco v. Texas, 394 U.S. 324, 327 (1969).

When Border Patrol interrogated Mr. Garcia at secondary, no reasonable person could have felt free to leave. Once a person is in custody, Miranda warnings must be given prior to any interrogation. See United States v. Estrada-Lucas, 651 F.2d 1261, 1265 (9th Cir. 1980) (to trigger the Miranda requirement not only must probable cause exist but also a person must reasonably believe that he is not free to leave). Those warnings must advise the defendant of each of his or her "critical" rights. United States v. Bland, 908 F.2d 471, 474 (9th Cir. 1990). If a defendant indicates that he wishes to remain silent or requests counsel, the interrogation must cease. Miranda, 384 U.S. at 474. See also Edwards v. Arizona, 451 U.S. 477, 484 (1981).

**B.     Mr. Garcia's Statements Were Involuntary.**

Even when the procedural safeguards of Miranda have been satisfied, a defendant in a criminal case is deprived of due process of law if his conviction is founded upon an involuntary confession. Arizona v. Fulminante, 499 U.S. 279 (1991); Jackson v. Denno, 378 U.S. 368, 387

1  (1964). The government bears the burden of proving that a confession is voluntary by a
2  preponderance of the evidence. Lego v. Twomey, 404 U.S. 477, 483 (1972).

3     In order to be voluntary, a statement must be the product of a rational intellect and free
4  will. Blackburn v. Alabama, 361 U.S. 199, 208 (1960). In determining whether a defendant's will
5  was overborne in a particular case, the totality of the circumstances must be considered. Schneckloth
6  v. Bustamonte, 412 U.S. 218, 226 (1973).

7     A confession is deemed involuntary if coerced by physical intimidation or
8  psychological pressure. Townsend v. Sain, 372 U.S. 293, 307 (1963). "The test is whether the
9  confession was 'extracted by any sort of threats or violence, [or] obtained by any direct or implied
10 promises, however slight, [or] by the exertion of any improper influence.'" Hutto v. Ross, 429 U.S.
11 28, 30 (1976) (quoting Bram v. United States, 168 U.S. 532, 542-43 (1897)). Accord United States
12 v. Tingle, 658 F.2d 1332, 1335 (9th Cir. 1981). The government bears a heavy burden in
13 demonstrating that a confession is voluntary and the finding of voluntariness "'must appear from
14 the record with unmistakable clarity.'" Davidson, 768 F.2d at 1270. Here, such a finding cannot be
15 made.

16 **C.**    **This Court Should Conduct An Evidentiary Hearing.**

17     This Court should conduct an evidentiary hearing to determine whether Mr. Garcia's
18 statements should be admitted into evidence. Under 18 U.S.C. § 3501(a), this Court is required to
19 determine, outside the presence of the jury, whether any statements made by Garcia are voluntary.
20 In addition, § 3501(b) requires this Court to consider various enumerated factors, including whether
21 Mr. Garcia understood the nature of the charges against him and whether he understood his rights.
22 Without evidence, this Court cannot adequately consider these statutorily mandated factors.

23     Moreover, section 3501(a) requires this Court to make a factual determination. Where
24 a factual determination is required, courts are obligated to make factual findings by Fed. R. Crim.
25 P. 12. See United States v. Prieto-Villa, 910 F.2d 601, 606-10 (9th Cir. 1990). Because
26 "'suppression hearings are often as important as the trial itself,'" id. at 610 (quoting Waller v.
27 Georgia, 467 U.S. 39, 46 (1984)), these findings should be supported by evidence, not merely an
28 unsubstantiated recitation of purported evidence in a prosecutor's responsive pleading.

**V.**

**THE INFORMATION SEIZED FROM THE WARRANTLESS SEARCH OF THE CELLULAR TELEPHONE SHOULD BE SUPPRESSED**

Mr. Garcia moves to suppress the information obtained from the cellular telephone seized during his arrest, including any phone numbers, contact information, listing of calls made or received, and any other information obtained from the telephone. The warrantless search violated the Fourth Amendment and the Electronic Communication Privacy Act (ECPA). Further, he moves to suppress any evidence obtained as a result of the information obtained from the cellular telephone. In the alternative, and at a minimum, the court should conduct an evidentiary hearing to determine the circumstances surrounding the search of the electronic information contained in the telephone.

**A.     The Search of the Telephone Violated the Fourth Amendment**

The Fourth Amendment of the United States Constitution protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. CONST. Amend. IV. Subject to only a few specifically established and well delineated exceptions, warrantless searches are *per se* unreasonable under the Fourth Amendment. Mincey v. Arizona, 437 U.S. 385, 390 (1978). The burden is on the government to show the reasonableness of a warrantless search. United States v. Carbajal, 956 F.2d 924, 930 (9th Cir. 1992).

Mr. Garcia had a reasonable expectation of privacy of the electronic information that was stored in the cellular telephone, and therefore has standing to challenge the search and seizure. The search and seizure were made without a warrant, and there is no indication that Mr. Garcia gave consent to the search and seizure. There were no circumstances present that would excuse the warrant requirement -- it was not justified as a search incident to arrest, nor as a border search. There were no exigent circumstances present, and none of the other exceptions to the warrant requirement applied. In this case, where Mr. Garcia had been arrested and was in custody, and the cellular telephone was in the exclusive control of the agents, it would have been simple and practicable to obtain a search warrant to search the electronic contents of the telephone. The electronic information gathered from the telephone should be suppressed. Furthermore, the government should be precluded from admitting or relying upon the fruits of this unlawful search at trial.

1. **Mr. Garcia has standing to challenge the admission of the unlawfully obtained evidence.**

A defendant has standing to challenge a search or seizure if he has an actual expectation of privacy in the item searched and that expectation of privacy is one that society recognizes as reasonable. See Bond v. United States, 529 U.S. 334, 338 (2000). Cellular telephones "record incoming and outgoing calls, and can also contain address books, calendars, voice and text messages, email, video and pictures. Individuals can store highly personal information on their cell phones, and can record their most private thoughts and conversations on their cell phones through email and text, voice and instant messages." United States v. Park, 2007 WL 1521573 (N.D.Cal 2007). Personal cellular telephones are a ubiquitous element of today's society, and the expectation of privacy in the contents and memory of the telephone is widespread. Because Mr. Garcia had a reasonable expectation of privacy in the cellular telephone in his possession, he has standing to challenge the search and seizure of the electronic information in the telephone.

2. **This warrantless search was not incident to arrest.**

This search does not fall under the exception to the warrant requirement as a search incident to arrest. The government has not provided any evidence to establish that the search and seizure were incident to a lawful arrest. Furthermore, a search of the electronic information in a cellular telephone is not the type of search activity protected by the search incident to arrest exception.

A proper warrantless search incident to arrest must be conducted "at or about the same time as the arrest." United States v. Turner, 926 F.2d 883, 887 (9th Cir. 1991). In this case the evidence suggests that the search was not made at the same time as the arrest. The government has provided, as page 39 of discovery, a set of handwritten notes which appear to be the information obtained from the electronic search of the cellular phone. It includes at least 29 names with phone numbers, and at least 8 other entries which appear to be entries from a received calls list. The time and attention required to take such detailed notes about the information in the cellular phone negates any argument that the search was contemporaneous to Mr. Garcia's arrest.

Warrantless searches incident to arrest are permissible because of the "need of law enforcement officers to seize weapons or other things which might be useful to assault an officer or

effect an escape, as well as the need to prevent the loss or destruction of evidence." United States v. Hudson, 100 F.3d 1409, 1419 (9th Cir. 1996). At issue here is the electronic information contained within the cellular phone. Such information cannot be used to assault an officer, nor can it be destroyed by the arrestee once it is in law enforcement custody. A search of the electronic contents of a cellular telephone is not the kind of search that is contemplated by the search incident to arrest exception to the warrant requirement. Therefore, even if the government were to establish the other requirements of a search incident to arrest, the exception would not apply.

**3.    This warrantless search was not a "border search"**

The government will not be able to show that this search was reasonable as a "border search" exception to the warrant requirement. The constitutional protections in the Fourth Amendment apply equally at the international border as in the interior, thus any search or seizure at the border must be reasonable. See United States v. Guadalupe-Garza, 421 F.2d 876, 878 (9th Cir. 1970). Governmental interests at the border often outweigh individual privacy interests, and thus agents at the border are constitutionally permitted to conduct routine searches without warrants or reasonable articulable suspicion in order to "regulate collection of duties and prevent introduction of contraband." United States v. Aragon, 155 F.3d 561, 561 (9th Cir. 1998). However, their authority is "not without qualification and limitation." United States v. Soto-Soto, 598 F.2d 545, 548 (9th Cir. 1978). In this case, the agents could not reasonably have been searching for merchandise or contraband when they searched the electronic information contained in the cellular telephone. The search of the telephone was not a routine border search. The search of the telephone is akin to a search of the information contained in a laptop computer, which has been held to be "intrusive" and thus not subject to the routine border search exception. See United States v. Arnold, 454 F.Supp.2d 999 (C.D. Cal. 2006).

**4.    There were no exigent circumstances present to justify the warrantless search.**

In the absence of consent, a warrant, or an exception to the warrant requirement the government must show that there was probable cause and exigent circumstances to justify a search or seizure. "Only in exigent circumstances will the judgment of the police as to probable cause serve as a sufficient authorization for a search." Chambers v. Maroney, 399 U.S. 42, 51 (1970). The

government has not shown that there was probable cause nor exigent circumstances to justify the warrantless search of the telephone.

**B.    The Search of the Cellular Telephone Violated the ECPA**

When the border officials searched and seized the electronic information store in the telephone, they did so in violation of the ECPA. Title II of the ECPA "generally proscribes unauthorized access to stored or electronic communications." Steve Jackson Games, Inc. v. United States Secret Service, 36 F.3d 457, 462 (5th Cir. 1994). Accessing of stored electronic communications is governed by Title II of the ECPA, 18 U.S.C. §2701, et seq. See Id. at 462. "Generally, a search warrant, rather than a court order, is required to obtain access to the contents of a stored electronic communication." Id. at 462 n.7; see also 18 U.S.C. §2703(a). See United States v. Reyes, 922 F. Supp. 818 (S.D.N.Y. 1996) (finding that Title II applies to seizure of stored data in a pager). Therefore, because the government searched and seized stored data from the cellular telephone in the absence of a search warrant, suppression of this evidence is warranted.

**C.    All Evidence Seized as a Result of the Unlawful Searches and Seizures Must Be Suppressed.**

This Court should suppress all evidence discovered as a result of the unlawful search and seizure of the electronic information stored on the cellular telephone. "It is well established that the Fourth Amendment's exclusionary rule applies to statements and evidence obtained as a product of illegal searches and seizures." United States v. Crawford, 372 F.3d 1048, 1054 (9th Cir. 2004) (citing Wong Sun v. United States, 371 U.S. 471, 484-88 (1963)). "Evidence obtained by such illegal action of the police is 'fruit of the poisonous tree,' warranting application of the exclusionary rule if, 'granting establishment of the primary illegality, the evidence to which instant objection is made had been come at by exploitation of that illegality or instead by means sufficiently distinguishable to be purged of the primary taint.'" Id. (citing Brown v. Illinois, 422 U.S. 590, 599 (1975)). Because this search was in violation of the Fourth Amendment all evidence seized or derived from the unlawful search must be suppressed.

//

//

## VI.

## **LEAVE TO FILE FURTHER MOTIONS**

Mr. Garcia and defense counsel have not received complete discovery in this case. As new information surfaces – via discovery provided by government, defense investigation, or an order of this court – the defense may need to file further motions, or to supplement existing motions. For this reason, defense counsel requests leave to file further motions.

## VII.

## **CONCLUSION**

For the reasons stated, Mr. Garcia requests that this Court grant his motions.

Respectfully Submitted,

*sl Bridget Kennedy*

Dated: April 15, 2008

**BRIDGET KENNEDY**
Federal Defenders of San Diego, Inc.
Attorneys for Mr. Garcia

08CR0726-DMS