KAREN P. HEWITT
United States Attorney
CHRISTINA M. McCALL
Assistant United States Attorney
California Bar Number 234139
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-6760
Facsimile: (619) 235-2757

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08CR648-BEN |
| Plaintiff, | **UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:** |
| v. | **(1) DISMISS INDICTMENT FOR ALLEGED GRAND JURY EMPANELMENT VIOLATION** |
| JESUS DAVID GARCIA, | Date: April 21, 2008<br>Time: 2:00 p.m. |
| Defendant. | |

Plaintiff, United States of America, by and through its counsel, Karen P. Hewitt, United States Attorney, and Christina M. McCall, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Motion to Dismiss the Indictment for Grand Jury Violation. This Response and Opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

///

///

**I**

**STATEMENT OF FACTS**

**B.    Defendant's Apprehension**

On February 28, 2008, Defendant, Jesus David Garcia, drove into the Calexico West Port of Entry. At around 4:40 a.m., Defendant was the driver and sole occupant of a 1999 Mitsubishi Mirage bearing California license plates. Defendant told Officer Rodriguez, the primary inspector, that he lived in Cathedral City, California, and had been in Mexico visiting his girlfriend. Defendant claimed that he owned the Mitsubishi. Officer Rodriguez asked Defendant how he met his girlfriend, since she lived in Mexico and he lived in the Central District of California. Defendant just looked at Officer Rodriguez with a blank stare and did not answer the question. Next, Officer Rodriguez asked when Defendant met his girlfriend. Defendant laughed tensely and changed his story. Defendant then stated that he did not visit a girlfriend, but was in Mexico to see a few girls. Because of Defendant's changing story, Officer Rodriguez referred Defendant and the Mitsubishi to secondary review for a more thorough inspection.

In the secondary inspection area, Defendant presented a California driver's license to Officer Siqueiros. Defendant said that he was a United States citizen and had nothing to declare. Defendant said that he was going back home to Los Angeles and had gone to Mexicali to visit some friends, only staying for two days. Defendant told the officer that the vehicle belonged to him, but he had not registered it under his name, because he had only purchased it a few months ago. Defendant claimed he went to Mexicali often, but used other vehicles. When Officer Siqueiros asked Defendant where he had stayed while in Mexicali, Defendant immediately responded that he stayed at a friend's house. Right after that response, Defendant changed his response and stated that he stayed in a hotel.

Officer Siqueiros then told Defendant to explain why he had given two different answers. Defendant avoided making eye contact with the officer while explaining that he stayed one night at his friend's house and the second night at a hotel. After noticing the immediate change in Defendant's behavior, Officer Sequieros told Defendant to take his wallet, unlock the Mitsubishi's doors, open the trunk, lift the hood, and stand in front of the vehicle. While Defendant was performing the tasks, he seemed nervous and unsteady, since he asked the officer to repeat the instructions after he had already performed most of the tasks. Defendant walked back and forth to the front and back of the Mitsubishi,

since he had forgotten to get the key to open the trunk. While walking back and forth, Defendant became unsteady and started looking around the lot.

When Defendant was in front of the Mitsubishi, Officer Sequieros asked Officer Pyburn to have his detector dog screen the car. When Defendant saw Officer Pyburn and the detector dog and noticed that another officer was standing right behind him, Defendant started shifting his body from side to side. The detector dog alerted to the side of the vehicle between the door and quarter panel. At this point, Officer Van Arsdall handcuffed Defendant, who did not seem to be surprised that he was being taken into custody. Officer Siquieros was able to crack open part of the quarter panel compartment with her hand and saw a package. With a screw driver, Officer Siquieros was able to remove the lid of the compartment. The substance inside the package tested positive for marijuana. Officer Sequeiros discovered an identical compartment on the other quarter panel. Each quarter panel contained 20 packages. Then, Officer Siqueiros tapped on the gas tank and noticed some new screws placed around the tank. Using a fiberoptic scope, Officer Siquieros discovered ten more packages of marijuana. The combined weight of the 30 packages was 42.22 kilograms.

At 9:45 a.m., Immigration and Customs Enforcement ("ICE") agents advised Defendant of his Miranda rights. Defendant acknowledged his rights and agreed to answer questions, signing a waiver of rights declaration. Defendant said that he lived in Cathedral City, not in Los Angeles, and that he worked at Pep Boys. Defendant said that he had been with three girls in the Mitsubishi, and that he used the Mitsubishi because he needed to get home. Defendant stated that the fuel gauge was on empty, but he never thought about needing to put fuel into the Mitsubishi. Defendant claimed no knowledge of the Nextel cellular phone found in the Mitsubishi. Defendant said that he had not intended to drive the Mitsubishi home, but the car turned into his ride home. When informed that his story about just being handed the vehicle made no sense, Defendant agreed that the story did not make sense. Defendant said that he had not gone to Mexico for years, contrary to his statements to the CBP inspectors. After further conversation, Defendant asked to speak to an attorney, and the interview was terminated.

Defendant was in possession of $750 in U.S. currency, consisting of: three hundred dollar bills and nine fifty dollar bills, with no smaller bills. Defendant refused to sign the property inventory sheet

1  recording the currency taken from his person. Defendant also possessed a glass pipe, commonly used
2  to ingest controlled substances such as methamphetamine.
3      On March 12, 2008, a federal grand jury for the Southern District of California returned a two-
4  count Indictment against Defendant, charging him with: knowingly importing 42.22 kilograms of
5  marijuana, and possessing, with intent to distribute, 42.22 kilograms of marijuana, in violation of Title
6  21 U.S.C. §§ 952 and 841.

## II

## UNITED STATES' RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS

The Government explicitly incorporates by reference the Government's response and opposition regarding this exact issue in United States v. Martinez-Covarrubias, 07CR0491-BTM. This motion has been denied by each court that has considered it. Attached as Exhibit 1 is Judge Moskowitz's order denying the motion to dismiss in case 07CR0491-BTM.

## III

## CONCLUSION

For the foregoing reasons, the United States respectfully requests that Defendant's motion be denied.

DATED: April 22, 2008

    Respectfully Submitted,

    KAREN P. HEWITT
    United States Attorney

    ***/s/ Christina M. McCall***

    CHRISTINA M. McCALL
    Assistant U.S. Attorney

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 08CR0726-DMS |
| Plaintiff, | |
| v. | **CERTIFICATE OF SERVICE** |
| JESUS DAVID GARCIA, | |
| Defendant. | |

IT IS HEREBY CERTIFIED that:

I, CHRISTINA M. McCALL, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101.

I am not a party to the above-entitled action. I have caused service of RESPONSE AND OPPOSITION TO DEFENDANT'S MOTION TO COMPEL DISCOVERY, SUPPRESS EVIDENCE on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

Bridget Kennedy, Esq.

I declare under penalty of perjury that the foregoing is true and correct.
Executed on April 22, 2008.

/s/ Christina M. McCall
CHRISTINA M. McCALL